ST. MATHEW LUTHERAN CHURCH v DELHI TOWNSHIP

OPINION OF THE COURT

1. TAXATION—CHURCHES—PARSONAGES—EXEMPTIONS—STATUTES.
   A state tax exemption applies to all houses of public worship, with the land on which they stand, the furniture therein and all rights in the pews, and also any parsonage owned by any religious society and occupied as such (MCLA 211.7; MSA 7.7).

2. TAXATION—STATUTES—STRICT CONSTRUCTION.
   Tax exemption statutes are to be strictly construed in favor of the taxing unit.

3. TAXATION—CHURCHES—MINISTERS—LAY MINISTERS—EXEMPTIONS.
   A state tax exemption applies to any church-owned house occupied by a minister ordained in that church; houses occupied by a superintendent of a church school or a youth instructor and youth minister of the church who are referred to as lay ministers do not qualify for the exemption.

4. TAXATION—CHURCHES—CHURCH EMPLOYEES—EXEMPTIONS—STATUTES.
   The tax exemption statute has no application to property owned by a church and occupied by church employees (MCLA 211.7; MSA 7.7).

DISSENT BY D. F. WALSH, P. J.

5. TAXATION—CHURCHES—MINISTERS—EXEMPTIONS.
   *Homes owned by a religious society and occupied by ministers of the gospel should be exempt from state taxation; there is no requirement that such ministers be formally ordained for the exemption to apply (MCLA 211.7; MSA 7.7).*

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, State and Local Taxation §§ 378, 381.
[2] 71 Am Jur 2d, State and Local Taxation § 326.
[3, 5] 71 Am Jur 2d, State and Local Taxation § 491.
   72 Am Jur 2d, State and Local Taxation § 378.
[4] 72 Am Jur 2d, State and Local Taxation § 190.

Appeal from State Tax Commission. Submitted June 20, 1977, at Lansing. (Docket No. 28975.) Decided July 7, 1977.

Petition by St. Mathews Lutheran Church to the Michigan Tax Tribunal to have real estate located in Delhi Township, Ingham County, declared tax exempt. The State Tax Tribunal denied the exemption. Petitioner appeals. Affirmed.

*Crippen, Dever, Urquhart & Cmejrek,* for plaintiff.

*Church, Wyble, Kritselis & Tesseris* (by *Thomas H. Hay),* for defendant.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

QUINN, J. Plaintiff appeals from a decision of the Michigan Tax Tribunal which upheld a decision of defendant's board of tax assessors denying tax exemption to four parcels of real estate owned by plaintiff. The parcels are identified in the record and will be referred to as DP-4872, DP-3779, D-14-19-3 and D-14-19-2.

Parcels DP-4872 and DP-3779 contain houses occupied by Mr. Krause and Mr. Jaskierny respectively. The former is superintendent of the school operated by plaintiff and the latter is an instructor in the school and a youth minister of the church. Neither is ordained and they are referred to as lay ministers. Parcel D-14-19-3 is a vacant lot adjacent to the church parking lot and the school playground. It is used as a fringe area to the playground. Parcel D-14-19-2 contains a house occupied by the widow of a deceased minister. One Bible

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

class per week is held there and the widow operates a Christian bookstore therein.

MCLA 211.7; MSA 7.7 creates the exemption and the relevant portion reads:

"Fifth, All houses of public worship, with the land on which they stand, the furniture therein and all rights in the pews, and also any parsonage owned by any religious society of this state and occupied as such."

Tax exemption statutes are to be strictly construed in favor of the taxing unit, *Michigan Baptist Homes and Development Co v Ann Arbor,* 396 Mich 660; 242 NW2d 749 (1976). In *St. Joseph's Church v Detroit,* 189 Mich 408; 155 NW 588 (1915), the Supreme Court said:

"A parsonage may be defined as a house in which a minister of the gospel resides. In its ecclesiastical sense the word was 'glebe (or land) and house' belonging to a parish appropriated to the maintenance of the incumbent, or settled pastor of a church; but its modern general signification is in the sense of its being the residence of a parson, and it may be with land or without it."

We conclude from the statutory language creating the exemption and the Supreme Court's definition of "parsonage" that the exemption applies to any church owned house occupied by a minister ordained in that church. None of the parcels here involved qualify for the exemption.

We further conclude that MCLA 211.7; MSA 7.7 subsection fourth, has no application to property owned by a church and occupied by church employees.

Affirmed but without costs.

H. D. STAIR, J., concurred.

D. F. WALSH, P. J. *(dissenting)*. I must dissent from the conclusion reached by the majority with reference to parcels DP-4872 and DP-3779. These parcels are homes owned by a "religious society" and occupied by "ministers of the gospel". *Cf.* MCLA 211.7; MSA 7.7, *St. Joseph's Church v Detroit,* 189 Mich 408; 155 NW 588 (1915). I find no requirement that the ministers be formally ordained.