ASHER STUDENT FOUNDATION v CITY OF EAST LANSING

Docket No. 77-3469. Submitted November 2, 1978, at Lansing.—Decided February 20, 1979. Leave to appeal applied for.

Asher Student Foundation petitioned to have certain real property, located in the City of East Lansing and owned by the foundation, declared exempt, as a charitable organization, from ad valorem real property taxation. The Michigan Tax Tribunal rendered a decision holding that the foundation's property was not exempt for the years 1974 through 1977. The foundation appeals. *Held:*

Asher Student Foundation is not a charitable institution within the meaning of the tax-exemption provisions of the general property tax law. The purpose of the foundation is to provide living quarters for certain college students of the Christian Science faith. This is not sufficiently beneficial to the general public to qualify the foundation as a charitable institution. The decision of the tribunal contains no error of law and is supported by competent, material and substantial evidence.

Affirmed.

1. TAXATION — EXEMPTIONS — STATUTORY CONSTRUCTION.

Tax-exemption statutes are to be strictly construed in favor of the taxing unit because exemption from taxation is the antithesis of tax equality.

2. TAXATION — EXEMPTIONS — CHARITY — ADVANCEMENT OF RELIGION — STATUTES.

Relief of the poor is not the sole objective of a statute which provides tax-exempt status for charitable organizations; the advancement of religion may come within the definition of "charity" (MCL 211.7; MSA 7.7).

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, State and Local Taxation § 326.
[2] 71 Am Jur 2d, State and Local Taxation §§ 362, 363, 381.
[3-5] 71 Am Jur 2d, State and Local Taxation § 375.
[5] 71 Am Jur 2d, State and Local Taxation § 363.

3. TAXATION — PROPERTY TAXES — EXEMPTIONS — CHARITY — NON-
   DISCRIMINATION IN CONFERRAL OF BENEFITS — STATUTES.

   Nondiscrimination as to race, color or creed in the conferral of
   benefits is necessary for an organization to be considered "char-
   itable" within the meaning of the tax-exemption provisions of
   the general property tax law (MCL 211.7; MSA 7.7).

4. TAXATION — PROPERTY TAXES — EXEMPTIONS — CHARITY — AD-
   VANCEMENT OF RELIGION — NONDISCRIMINATION IN CONFERRAL
   OF BENEFITS — STATUTES.

   An organization should offer its benefits to persons irrespective of
   race, color or creed, even where the advancement of religion is
   concerned, in order to be considered "charitable" for purposes
   of the tax-exemption provisions of the general property tax law
   (MCL 211.7; MSA 7.7).

5. TAXATION — PROPERTY TAXES — EXEMPTIONS — CHARITY — RELI-
   GIOUS ORIENTED ORGANIZATION — STATUTES.

   An organization is not charitable within the meaning of the tax-
   exemption provisions of the general property tax law merely
   because it is religiously oriented; to qualify as a "charity"
   under the general property tax laws the organization must
   confer a benefit upon society in general.

6. STATUTES — STATUTORY CONSTRUCTION — RECONCILING DIFFERENT
   STATUTES.

   It is the duty of the Court of Appeals, as far as practicable, to
   reconcile the different provisions of a statute so as to make
   them consistent and harmonious and to give a sensible and
   intelligent effect to each.

7. TAXATION — PROPERTY TAXES — EXEMPTIONS — CHARITY — RELI-
   GIOUS ORGANIZATION — BENEFITS TO GENERAL PUBLIC — STAT-
   UTES.

   A foundation whose purpose it is to provide living quarters for
   university students of the Christian Science faith is not a
   charitable institution within the meaning of the tax-exemption
   provisions of the general property tax law; it does not confer
   sufficient benefit to the general public (MCL 211.7; MSA 7.7).

*Dykema, Gosset, Spencer, Goodnow & Trigg* (by
*Jack C. Radcliffe, Jr.),* for plaintiff.

*McGinty, Rosewarne, Halverson, Brown & Ja-*

*kubiak, P.C.* (by *Dennis E. McGinty* and *Thomas M. Hitch),* for defendant.

Before: M. J. KELLY, P.J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

J. H. GILLIS, J. Plaintiff appeals from a decision of the Michigan Tax Tribunal entered on August 26, 1977, which held that plaintiff's property was not exempt from ad valorem real property taxes assessed for the years 1974 through 1977.

Asher Student Foundation is a Michigan nonprofit corporation. It owns Asher House, a building located in the City of East Lansing which houses approximately 90 Michigan State University students of the Christian Science faith. The building contains living quarters for men and women, dining, kitchen and laundry facilities, lounges, administrative offices, libraries containing literature pertaining to the Christian Science religion, and two rooms set aside for the study of Christian Science and prayerful meditation. Residents are charged fees comparable to those charged by the university for dormitory rooms. These fees are the primary source of plaintiff's funding.

Article 9, § 4 of the 1963 Michigan Constitution provides that:

"Property owned and occupied by nonprofit religious or educational organizations and used exclusively for religious or educational purposes, as defined by law, shall be exempt from real and personal property taxes."

It has been held that this section is not self-executing. Rather, it is up to the Legislature to define what these particular institutions are. *American Youth Foundation v Benona Twp,* 8 Mich App 521; 154 NW2d 554 (1967).

Pursuant to its authority to grant exemptions, the Legislature has enacted MCL 211.7; MSA 7.7 which provides, in pertinent part, as follows:

"The following property shall be exempt from taxation:

` * * *

"Fourth, Such real estate or personal property as shall be owned and occupied by nonprofit theater, library, benevolent, charitable, educational, or scientific institutions and memorial homes of world war veterans incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated.

* * *

"Fifth, All houses of public worship, with the land on which they stand, the furniture therein and all rights in the pews, and also any parsonage owned by any religious society of this state and occupied as such."[1]

Plaintiff concedes that Asher House is not a house of public worship or a parsonage. Instead, it is claimed that the purpose of Asher House is to promote the cause of Christian Science by providing a supportive living environment for certain Michigan State University students of that faith. Plaintiff argues that the advancement of religion is a charitable purpose and that Asher Student Foundation, therefore, is a charitable institution under § 7, ¶ 4, *supra.*

Because exemption is the antithesis of tax equality, exemption statutes are to be strictly construed in favor of the taxing unit. *Michigan Baptist Homes & Development Co v Ann Arbor,* 396 Mich 660; 242 NW2d 749 (1976).

Relief of the poor is not the sole charitable

---

[1] Current version at 1978 West's Michigan Legislative Service, 126.

objective. Traditionally, the advancement of religion has also been considered "charity".

" 'Probably the most comprehensive and carefully drawn definition of a charity that has ever been formulated is that it is a gift, to be applied consistently with existing laws, *for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion,* by relieving their bodies from disease, suffering, or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government.' " *The Salvation Army v Hoehn,* 354 Mo 107, 114; 188 SW2d 826 (1945). (Citations omitted.) (Emphasis supplied.) See also *The Presbyterian Homes of the Synod of New Jersey v Division of Tax Appeals,* 55 NJ 275; 261 A2d 143; 37 ALR3d 1181 (1970).

Michigan has recognized that the advancement of religion may come within the definition of "charity". In *Gull Lake Bible Conference Ass'n v Ross Twp,* 351 Mich 269; 88 NW2d 264 (1958), the Supreme Court held that a nonprofit corporation which was organized to promote and conduct gatherings for the study of the Bible and for inspirational and evangelical addresses was a charitable corporation. The Court held that the property in question was exempt under the fourth paragraph of MCL 211.7. *Gull Lake Bible Conference Ass'n v Ross Twp, supra,* at 273.

In *American Concrete Institute v State Tax Comm,* 12 Mich App 595, 610; 163 NW2d 508 (1968), *lv den,* 381 Mich 782 (1968), then Judge LEVIN, in a concurring opinion, referred to three traditional charitable objectives, "providing relief to persons unable to care for themselves, education and religion".

While we agree with plaintiff that the advance-

ment of religion is a traditional charitable objective, we note Michigan has placed further limits on what constitutes a charitable institution for purposes of property tax exemptions. In *Michigan Baptist Homes, supra,* at 671, the Court stated: "Basically, it may be said that charity or benevolence benefit the general public without restriction." In *Auditor General v R B Smith Memorial Hospital Ass'n,* 293 Mich 36, 38; 291 NW 213 (1940), the Court indicated that nondiscrimination as to race, color or creed in the conferral of benefits was necessary for an organization to be considered "charitable" within the meaning of the tax-exemption statutes. Quoting from 34 ALR 635 the Court stated the following:

> "In general, it may be said that any body not organized for profit, which has for its purpose the promotion of the general welfare of the public, extending its benefits without discrimination as to race, color, or creed, is a charitable or benevolent organization within the meaning of the tax exemption statutes." 293 Mich at 38-39.

The above case concerned the status of a hospital, not a religious organization. However, it appears that even where the advancement of religion is concerned, to be considered "charitable" the benefits should be offered to persons irrespective of race, color or creed. Thus, in determining whether a Bible camp was a charitable institution, the Court in *Gull Lake Bible Conference Ass'n v Ross Twp, supra,* specifically noted that no such discrimination was practiced:

> " 'The plaintiff corporation was organized as a nonprofit corporation. The proofs show conclusively that it is not operated for profit. It has no stockholders. Aside from modest salaries paid to necessary employees, no

individual receives any pecuniary benefit from its operation. *It practices no discrimination as to race, creed or color.* Having in mind the purpose for which it was formed as set forth in article 2 of its articles of association, the conclusion is inescapable that it is a charitable organization and such is the decision of this court.' " 351 Mich at 274. (Emphasis supplied.)

We conclude that merely because an organization is religiously oriented does not, by that fact alone, mean it is "charitable" within the meaning of § 7, ¶ 4. To qualify under that provision the organization must confer a benefit upon society in general. Where, as in the instant case, the purpose of the organization is to benefit only a few select members of a particular sect there is not a sufficiently widespread benefit to society to characterize this as a charitable institution under § 7, ¶ 4. While such an objective may be sufficient for purpose of income tax exemptions, the taxable status of plaintiff's property is determined by the much more strict provisions of the Michigan general property tax law. *American Concrete Institute, supra,* at 606.

Furthermore, it is the duty of the Court, as far as practicable, to reconcile the different provisions of a statute so as to make them consistent and harmonious, and to give a sensible and intelligent effect to each. *Rohde v Wayne Circuit Judge,* 168 Mich 683; 131 NW 253 (1912), *King v Director of the Midland County Dep't of Social Services,* 73 Mich App 253; 251 NW2d 270 (1977).

If we were to hold that any religious purpose constitutes a charitable objective under § 7, ¶ 4, then § 7, ¶ 5 would be rendered superfluous, for it can certainly be said that the primary purpose of houses of public worship is to advance the cause of religion. Therefore, had the Legislature intended

to include any organization whose purpose was the advancement of a particular religion within the definition of "charitable institution", there would have been no need to add ¶ 5 to § 7. The fact that the Legislature did so evidences an intent contrary to plaintiff's position.

In light of our discussion we conclude that Asher Student Foundation is not a charitable institution within the meaning of MCL 211.7, ¶ 4. Plaintiff's purpose is to provide living quarters for certain Christian Science students. This is not sufficiently beneficial to the general public. See also, *St Mathew Lutheran Church v Delhi Twp,* 76 Mich App 597; 257 NW2d 183 (1977), where this Court held that § 7, ¶ 4, has no application to property owned by a church and occupied by church employees.

Our review of the decision of the tax tribunal indicates it contains no material error of law and is supported by competent, material and substantial evidence.

Affirmed. No costs, a public question being involved.