BERLIN v GAINES TOWNSHIP

Docket No. 68866. Submitted October 4, 1983, at Lansing.—Decided
November 7, 1983.

Clifton E. Berlin, the owner of a parcel of land in Genesee
County, recorded a deed conveying the parcel to his father, son,
daughter-in-law, and himself as joint tenants. The deed pro-
vided that the land was reserved for use as a cemetery. The
property included a farm residence, occupied by Berlin's
nephew, minor farm buildings, and the burial places of seven of
Berlin's relatives. Subsequently, the property was assessed for
tax purposes and the assessment was affirmed by the board of
review. Berlin appealed the assessment to the Michigan Tax
Tribunal. The hearing referee entered an order granting a tax
prior order was vacated, and the assessment on both the
residence and land was affirmed. In a subsequent year, the
property was assessed again. Berlin again appealed to the Tax
Tribunal which affirmed the assessment. Berlin appealed. *Held:*

To be exempt from taxation, no part of the parcel of land
could be used for any purpose other than cemetery purposes. A
parcel of land is either exempt in its entirety or not exempt at
all. Here, even construing the statute on exemptions liberally,
the use of the house on the parcel as a residence negates tax
exempt status. The use is not incidental. The nephew's duties
as caretaker of the graves are minimal.

Affirmed.

1. TAXATION — CEMETERIES — BURIAL GROUNDS.

The statute providing for an exemption from taxation for burial
grounds should be construed to provide that no part of the
parcel containing the burial grounds may be used for any
purpose other than for burial ground purposes to obtain an
exemption from taxation; a parcel of land containing a private
burial ground and residence may not be apportioned for exemp-
tion from taxation (MCL 128.111; 211.7; MSA 7.7, 5.3161).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 71 Am Jur 2d, State and Local Taxation § 390.

2. TAXATION — CEMETERIES — BURIAL GROUNDS.

 The statute providing for an exemption from taxation for burial grounds should be liberally construed to preserve and maintain the burial places of the dead (MCL 211.7; MSA 7.7).

*Charles R. Cole,* for petitioner.

*Morrissey, Bove & Ebbott* (by *John P. Bove*), for respondent.

Before: ALLEN, P.J., and BEASLEY and M. E. CLEMENTS,* JJ.

ALLEN, P.J. Petitioner appeals as of right from the December 16, 1982, order of the Michigan Tax Tribunal (tribunal) denying tax exemption as a private cemetery, MCL 211.7; MSA 7.7, on nine-tenths of an acre of land containing a farm residence and minor farm buildings. We affirm.

The appeal comes to us on stipulated facts as follows:

On November 1, 1977, petitioner, the owner of a 112-acre farm in Genesee County, recorded a deed to nine-tenths of an acre thereof to his father, son, daughter-in-law, and himself, as joint tenants. The deed stated "This property is reserved for use as a cemetery to be known as the Berlin-Blair Cemetery, so called". The property conveyed included the farm residence and minor farm buildings. The residence is occupied by petitioner's nephew. In various places on the property conveyed are the burial places of seven members of petitioner's family who died between 1881 and 1883. In the spring of 1981, a marker was erected identifying five of the seven burial plots. On July 7, 1981, the Genesee County Health Department approved the proposed cemetery plot.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The stipulated statement of facts informs that "said nine-tenths of an acre contained in said deed is used exclusively for a cemetery", and that the farm house is occupied by petitioner's nephew who, in consideration of not paying rent, maintains the cemetery. In 1980, the assessment, as confirmed by the board of review, was $2,000 for the land and $9,760 for the buildings, for a total assessment of $11,760. Petitioner appealed the assessment to the Michigan Tax Tribunal where a small claims division hearing was held in June, 1981. On January 12, 1982, the hearing referee entered an order granting tax exemption on the nine-tenths acre of land but not on the house. The hearing referee reasoned that the house was a private dwelling not used incidentally to the nephew's caretaking duties.

Petitioner requested a rehearing on grounds that the tribunal lacked authority to partially exempt the subject property and tax the residence as personal property, pursuant to MCL 128.111, 128.112, 211.7; MSA 5.3161, 5.3162, 7.7. On rehearing, the tribunal ruled that the petitioner had complied with all the statutory requirements for establishing a tax-exempt private burial ground under MCL 211.7, but because the residence contravened the "no other purpose" and "exclusive use" requirements of MCL 128.111; MSA 5.3161, and MCL 211.7; MSA 7.7, tax exempt status was denied. The tribunal also found that petitioner had not complied with the Gaines Township zoning code, which required prior approval by the township zoning board of appeals before any property zoned residential-agricultural could be used as a cemetery. The January 12, 1982, order was vacated and "the 1980 assessment as confirmed by the board of review" was affirmed.

In 1982, the nine-tenths acre of land and the residence were again assessed for real property taxes, and again appeal was taken to the small claims division of the tribunal where, following a hearing in November, 1982, the hearing referee entered an order on December 16, 1982, affirming the 1982 assessment as confirmed by the board of review. The tribunal held:

"In the instant cause, petitioner has not alleged that any material facts have changed since the prior appeal; nor has petitioner alleged that there has been any change in the applicable law. Therefore, the final decision of the tribunal in MTT Docket No. 41010, entered September 13, 1982, is equally applicable to the instant cause, and the reasoning therein is hereby adopted by the tribunal as the findings of fact and conclusions of law in the instant cause."

Subparagraph "Sixth" of MCL 211.7; MSA 7.7 exempts from the property tax "all lands *used exclusively* as burial grounds". In turn, MCL 128.111; MSA 5.3161 provides for the creation of private burial grounds:

"That it shall be lawful for any person or persons in this state to lay out and survey any tract of land, not included within the corporate limits of any city or village, which may be owned by such person or persons, as a private burial grounds for the use of their families or descendants and purposes of interment of members of such families and descendants, and *for no other purpose,* not exceeding in quantity 1 acre of land, and may make a deed of the same to some person or persons to be named therein as trustees, with such provisions for continuing such trusteeship as they shall deem necessary, which said deed shall be acknowledged by such persons making the same, in the same manner as other deeds of land, and shall be recorded in the county where such land shall lie." (Emphasis added.)

MCL 128.112; MSA 5.3162 further provides for tax exemption for such private burial grounds and states the effect of compliance with MCL 128.111; MSA 5.3161:

"Such land so laid out and described in said deed, when recorded in the register's office of the county where such land lies, shall operate as a grant forever of the land described in such deed to said trustees and their successors forever, for the purposes described in said deed; and no sale, judgment, or decree shall be made which shall have the effect to divert the same from the objects of said grant, set forth in such deed; and the same shall not be taxed for any purpose, or be subject to any sale for taxes, or upon any execution, attachment, or other order of sale made by any court; and any deed made by said trustees or their successors, or upon any sale made for taxes, or upon any execution, or decree, or order of sale made by any court of said lands, or any part thereof, or any tenements, tombs or other structures thereon and appurtenant thereto, shall be void and shall convey no interest or title to the grantee named in such deed."

Here, there is no dispute that the subject parcel is not within any city limit, that a proper survey was performed, that the site is a private burial ground, that it is less than one acre of land, or that it was duly recorded in the manner prescribed. Thus, the narrow issues presented are whether the existence of a residence defeats the "no other purpose" requirement of MCL 128.111; MSA 5.3161, and whether property may be apportioned for the purpose of granting a private burial ground exemption. The questions raised are of first impression.

Based upon the above-quoted statutory provisions, it clearly appears that the nine-tenths acre of land, if there were no residence, would be exempt. The tribunal correctly noted, respondent's

claim to the contrary notwithstanding, that the trusteeship provision of MCL 128.111 is discretionary; that is, a person *"may* make a deed" naming a trustee. The validity of the conveyance is not vitiated by failure to provide for a trustee. Once the mandatory provisions of § 111 are met, § 112 states that such "shall operate as a grant forever" of the land for the stated purpose of interment of family members.

Even petitioner's failure to comply with the local zoning ordinance would not necessarily affect the validity of the statutory provisions providing for tax exempt status. This depends on the nature of the statutory scheme and the legislative intent regarding preemption. See discussion in *Detroit v Recorder's Court Judge,* 104 Mich App 214; 304 NW2d 829 (1981). Since neither party has afforded information to this Court concerning the local zoning ordinance, this opinion contains no analysis of the ordinance's effect on the legislative property tax scheme. In any event, the tribunal's language concerning failure to comply with the local zoning ordinance is surplusage, since the tribunal found that the exemption scheme was defeated by the "no other purpose" clause in the statute.

May the property be apportioned between the residence and the burial sites so that exemption is given to the burial sites alone? The answer to that question depends upon whether the language "no other purpose" relates only to the land upon which the burial sites are located or whether it relates to the entire parcel deeded as a whole for cemetery purposes. In our opinion, the limitation was intended to apply to the parcel as a whole. Land actually used for burial of decesed persons does not lend itself to "other purposes". Thus, the limitation would be mere surplusage if the limita-

tion applied only to the burial sites. Furthermore, MCL 128.111; MSA 5.3161 refers to the land "described in said deed * * * shall operate as a grant forever of the land described in such deed". Thus, we conclude that the Legislature intended that no part of the nine-tenths acre conveyed could be used for any purpose other than for cemetery purposes. Our conclusion is supported by *In re Petitions of Auditor General*, 333 Mich 700, 704-705; 53 NW2d 586 (1952), wherein it was stated:

"Nowhere does the legislative intent appear to exempt from taxation only the portions of cemeteries actually constituting graves and to subject the remainder to taxation. It is clearly contemplated that the exemption shall apply to lots intended for future burials. We think the lands here in dispute come within the clear intent of the exempting statute."

Although this language was used to support the exemption, and the case involved a portion of cemetery land that had been set aside for future burials and contained what the majority opinion described as "a shack", we believe *In re Petitions,* by negative implication, supports the position that the nine-tenths acre tract, including the residence, is either exempt in its entirety or not exempt at all; *i.e.,* the exemption may not be apportioned between the house and the land. It is true that charitable use exemption cases allow apportionment based on language that buildings and other property located on the real property are exempt if they are occupied "solely for the purposes for which they were incorporated". *Hospital Purchasing Service of Michigan v City of Hastings,* 11 Mich App 500, 508; 161 NW2d 759 (1968). However, private burial grounds, and the statutory

language providing for such, are not the same as charitable institutions.

The second question is whether the entire parcel, including the residence, meets the standards of MCL 128.111; MSA 5.3161, or whether use of the house as a residence negates tax exempt status. The record indicates that the nephew resides in the house; that the house is more than the caretaker's shack approved in *In re Petitions, supra;* that its use is not incidental, since the caretaker duties are minimal, just seven old plots whose headstones were first erected in 1981; and that the house had long been used as a residence before the lot was designated a burial ground. Based on these facts, we do not believe that the property meets the "no other purpose" language.

In *In re Petition of Auditor General,* 294 Mich 221, 225; 292 NW 709 (1940), the Supreme Court stated that the Court was:

> "inclined toward liberality in construing this exemption because of the expressed policy we have 'in common with the universal sentiment of mankind, to preserve and maintain the burial places of the dead.' *Avery v Forest Lawn Cemetery Co,* 127 Mich 125; *Woodmere Cemetery Ass'n v City of Detroit,* 192 Mich 553; *White Chapel Memorial Ass'n v Willson,* 260 Mich 238."

Thus, that case could be viewed as imposing a different standard of construction with respect to cemetery exemptions, one not recognized in the tribunal's order and opinion. But because a private residence does not appear to meet the requisites of MCL 128.11; MSA 5.3161, even employing a "liberality" standard, we conclude that the tribunal's order should be affirmed.

Affirmed. No costs, a question of public importance being involved.