SAGINAW COUNTY AGRICULTURAL SOCIETY v CITY OF
SAGINAW

Docket No. 70145. Submitted February 21, 1984, at Lansing.—Decided
October 4, 1984. Leave to appeal denied, 422 Mich 877.

Petitioner, Saginaw County Agricultural Society, a Michigan
nonprofit agricultural society, owns 78 acres of land which it
uses for the Saginaw County Fair. During the off-season, peti-
tioner leases 4.43 acres of the land to the general public for
private storage for a fee. For over 66 years the respondent, City
of Saginaw, made no attempt to assess a property tax on the
property. In 1981, respondent notified petitioner that it was
changing petitioner's tax-exempt status and assessing the prop-
erty at $125,000 for real property tax purposes. Petitioner
appealed said assessment to the Board of Review of the City of
Saginaw which denied petitioner's appeal and approved the
assessment. Petitioner appealed from this decision by filing a
petition for an order exempting property from taxation with
the Michigan Tax Tribunal. The Tax Tribunal entered an
opinion and judgment which denied petitioner's request for
exemption and affirmed the assessment. Petitioner appeals in
regard to that portion of the land leased for private storage.
The exemption status of a portion of the land leased to the
Saginaw Valley Trotting Association is the subject of a sepa-
rate action not considered here. *Held:*

1. Tax exemption for property owned by agricultural societies
is not lost by virtue of occasional or incidental uses for other
purposes.

2. The tribunal's finding that petitioner's use of the 4.43
acres for private storage was not incidental was inconsistent
with the tribunal's findings of fact and was not supported by
competent, material and substantial evidence on the whole
record.

3. The denial of the property tax exemption to petitioner for

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 3 Am Jur 2d, Agriculture §§ 54, 55.
71 Am Jur 2d, State and Local Taxation § 391.
[3] 2 Am Jur 2d, Administrative Law § 678.
72 Am Jur 2d, State and Local Taxation § 787.
[4] 71 Am Jur 2d, State and Local Taxation § 326.

the year 1981 is reversed. Property taxes paid by petitioner to respondent for that year shall be refunded.

Reversed.

1. AGRICULTURE — AGRICULTURAL SOCIETIES.

Local agricultural societies may incorporate and perform certain corporate acts; such societies are capable of purchasing and holding, taking and receiving, by gift, devise or otherwise, exempt from taxation, real estate for the purpose of their incorporation (MCL 453.232; MSA 21.442).

2. TAXATION — EXEMPTIONS — AGRICULTURAL SOCIETIES.

Property owned exclusively by the state agricultural society or a county or district agricultural society, and used by the society exclusively for fair purposes, is exempt from taxation (MCL 211.7w; MSA 7.7[4t]).

3. TAXATION — TAX TRIBUNAL — APPEAL — CONSTITUTIONAL LAW.

The Court of Appeals, in reviewing a decision of the Tax Tribunal, is bound by the factual determinations of the Tax Tribunal; in reviewing a tribunal decision not related to valuation or allocation under property tax laws, the Court of Appeals review is limited to determining whether such decision is authorized by law and whether it is supported by competent, substantial and material evidence on the whole record (Const 1963, art 6, § 28).

4. TAXATION — EXEMPTIONS — JUDICIAL CONSTRUCTION.

Exemption statutes are to be strictly construed in favor of the taxing unit.

5. TAXATION — EXEMPTIONS — AGRICULTURAL SOCIETIES.

Tax exemption for property owned by agricultural societies is not lost by virtue of occasional or incidental uses for other purposes.

*Borrello, Thomas & Jensen, P.C.* (by *Leopold P. Borrello*), for petitioner.

*Otto W. Brandt, Jr.,* City Attorney, for respondent.

Before: BRONSON, P.J., and R. B. BURNS and R. L. BORSOS,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Petitioner appeals as of right from an order of the Michigan Tax Tribunal denying petitioner a real property tax exemption for property owned and used by it for the Saginaw County Fair.

The Saginaw County Fairgrounds consists of 78 acres of land. During the off-season, petitioner leases to the general public, for a fee, 4.43 acres for private storage. For over 66 years, the city made no attempt to assess tax on the property. In 1978, petitioner entered into a long-term lease with the Saginaw Valley Trotting Association and made a number of improvements to a portion of the property used as a race track. In 1981, respondent notified petitioner that it was changing petitioner's tax-exempt status and assessing the property used for private paid storage at $125,000. The instant appeal involves only the portion of the land leased for private storage; the exemption status of the racetrack property is the subject of a separate action.

MCL 453.232; MSA 21.442 enables local agricultural societies to incorporate and perform certain corporate acts. Under the act, local agricultural societies "shall be capable of purchasing and holding, taking and receiving, by gift, devise or otherwise, exempt from taxation, real estate for the purpose of their incorporation". The tribunal correctly ruled that whereas MCL 453.232; MSA 21.442 generally provides that an agricultural society "be capable" of holding exempt property, MCL 211.7w; MSA 7.7(4t) addresses specifically when agricultural society property is entitled to tax-exempt status. MCL 211.7w; MSA 7.7(4t) provides:

"Property owned exclusively by the state agricultural society or a county or district agricultural society, and

used by the society exclusively for fair purposes is exempt from taxation under this act."

This Court is bound by the factual determinations of the Tax Tribunal. *Circle Pines Center v Orangeville Twp,* 103 Mich App 593, 597; 302 NW2d 917 (1981), *lv den* 417 Mich 929 (1983). In its opinion, the tribunal found:

"[T]he description of property assessed as identified on the summary of prehearing conference totals 4.43 acres. This 4.43 acres consists of buildings and land utilized for the storage of privately owned recreational vehicles therein and thereon for which petitioner charges and receives a fee. The structures used for the storage of these vehicles are the normal type buildings found on county fairgrounds as opposed to special buildings built for only storage purposes. Petitioner allows for such storage, for a current market fee, from October to August, which in no way interferes with its agricultural and county fair activities.

* * *

"Further testimony was that all income received by the society for storage rental * * * is used to defray the costs and expenses of conducting the annual county fair and to maintain its buildings and grounds. Further, that without this source of income it would not be possible to have the county fair at its present size, including the number of prizes and awards."

The tribunal concluded that petitioner did not use the property "exclusively for fair purposes" and, therefore, was not entitled to exemption under MCL 211.7w; MSA 7.7(4t).

In reviewing a decision of the Tax Tribunal not related to valuation or allocation under property tax laws, this Court's review is limited to determining whether such decision is authorized by law and whether it is supported by competent, substantial and material evidence on the whole record.

Const 1963, art 6, § 28. *Terco, Inc v Dep't of Treasury,* 127 Mich App 220, 223; 339 NW2d 17 (1983). Exemption statutes are to be strictly construed in favor of the taxing unit. *Michigan Baptist Homes & Development Co v Ann Arbor,* 396 Mich 660, 669-670; 242 NW2d 749 (1976).

Petitioner had been renting out space for storage since at least 1949, when the Attorney General held that such an activity would not defeat petitioner's tax-exempt status. OAG, 1949, No 948, p 205 (April 27, 1949). The Attorney General relied on the concurring opinion of Chief Justice SHARPE in *People v Ingalls,* 238 Mich 423, 430; 213 NW 713 (1927). Chief Justice SHARPE stated:

"It follows that the grounds and buildings owned by the state and set aside for the holding of a state fair are used for a governmental purpose, and are not subject to the special assessment levied against them by the city.

"The fact that such grounds and buildings are used for other purposes occasionally is in no way controlling. Such use is but incidental. The charge made therefor enables the officials to operate the fair at a less expense to the state, but in no way changes the purpose for which the property was acquired and is being maintained."

Recently, in *American Legion Memorial Home Ass'n of Grand Rapids v Grand Rapids,* 118 Mich App 700; 325 NW2d 543 (1982), this Court held that the use of a veterans' memorial home for social purposes or by nonveteran organizations did not justify denial of the building's tax-exempt status. The Court reasoned:

"With respect to a statutory requirement that an institution be occupied 'solely' for the purposes for which it was incorporated, tax exemption is not lost by virtue of occasional or incidental uses for other purposes. [2 Cooley on Taxation (4th ed), § 684, p 1432.] If

the primary use of a building is for clearly exempt purposes, the exemption is not lost because on occasion the building is used for social purposes or is let out to other organizations. *Id.,* § 685, p 1433." *American Legion Memorial Home Ass'n, supra,* p 708.

We conclude that tax exemption for property owned by agricultural societies is not lost by virtue of occasional or incidental uses for other purposes. We further conclude that the tribunal's finding that petitioner's use of the 4.43 acres for private storage was not incidental was inconsistent with the tribunal's findings of fact and was not supported by competent, material and substantial evidence on the whole record. Significantly, up until 1981, the taxing authorities had agreed that the same limited use of the property for private storage did not deprive the property of exemption status.

Our disposition of this case renders it unnecessary to consider the other issues raised on appeal. The denial of a property tax exemption to petitioner for the year 1981 is reversed. Property taxes paid by petitioner to respondent for that year shall be refunded.

Reversed.