WILLIAM BOLTHOUSE FARMS, INC v NEWAYGO COUNTY

Docket No. 158217, 158368. Submitted November 1, 1994, at Grand Rapids. Decided May 5, 1995, at 9:30 A.M.

William Bolthouse Farms, Inc., petitioned the Tax Tribunal for reversal of orders by the State Tax Commission directing that personal property owned by the petitioner and used for cleaning, sorting, washing, inspecting, and packaging produce be added to the tax rolls of Grant Township, Newaygo County. The Tax Tribunal determined that the equipment was exempt from taxation under MCL 211.9(j); MSA 7.9(j), as property used for a purpose incidental to, or in conjunction with, petitioner's agricultural operations, and the tribunal ordered that the property be taken off the tax rolls. Newaygo County and the State Tax Commission appealed. The appeals were consolidated.

The Court of Appeals *held:*

The decision of the Tax Tribunal to exempt equipment used to process produce mostly grown by the petitioner was supported by competent, material, and substantial evidence on the whole record, was not contrary to law, was not based on wrong principles, and is consistent with MCL 211.9(j); MSA 7.9(j), as amended by 1993 PA 273.

Affirmed.

*Law, Weathers, & Richardson, P.C.* (by *Anthony P. Gauthier* and *David W. Centner*), for William Bolthouse Farms, Inc.

*Cohl, Stoker & Toskey, P.C.* (by *Bonnie G. Toskey*), for Newaygo County.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Ross H. Bishop,* Assistant Attorneys General, for the State Tax Commission.

Amicus Curiae:

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Curtis R. Hadley*), for Michigan Farm Bureau.

Before: MURPHY, P.J., and GRIFFIN and W. A. CRANE,* JJ.

PER CURIAM. In two separate but consolidated appeals, respondents appeal as of right from the Tax Tribunal's decision that certain equipment used by petitioner to process produce was exempt from the general property tax pursuant to MCL 211.9(j); MSA 7.9(j). We affirm.

This case stems from a tax assessment on personal property owned by petitioner on its farm located in Grant Township in Newaygo County. The property consists of equipment used by petitioner in processing carrots and onions. Before 1987, the subject property was not included in the personal property tax rolls of Grant Township. On May 15, 1990, the State Tax Commission issued two orders directing that the property be added to the tax rolls from 1987-1990. The assessments included $278,500 for 1987, $254,300 for 1988, $238,400 for 1989, and $267,000 for 1990. The 1991 assessment was $244,200.

Petitioner farms approximately 2,400 acres in Newaygo County. Each year, petitioner grows approximately 1,100 acres of carrots, 500 acres of onions, and 800 acres of corn. Petitioner is not engaged in the retail sale of the carrots and onions it grows. Moreover, it uses its processing equipment to clean, sort, wash, inspect, and package the produce. However, because the capacity of its processing equipment exceeds its own production, petitioner uses its equipment to process carrots and onions grown by other farmers. From 1987 to 1991, petitioner grew approximately fifty-seven

---

* Circuit judge, sitting on the Court of Appeals by assignment.

percent of the carrots and approximately eighty-five percent of the onions processed.

In June 1990, petitioner filed a petition with the Tax Tribunal seeking to reverse the decision of the State Tax Commission. Petitioner argued that its equipment was exempt under MCL 211.9(j); MSA 7.9(j) because it was used for a purpose incidental to, or in conjunction with, petitioner's agricultural operations. The Tax Tribunal agreed and ruled that the personal property was exempt from ad valorem taxation from 1987-1991 and ordered that the tax rolls be amended to reflect the exemption.

The Tax Tribunal's decision to exempt equipment used to clean, sort, bag, and store produce (most of which was grown by petitioner) was supported by competent, material, and substantial evidence on the whole record. *Michigan Bell Telephone Co v Dep't of Treasury,* 445 Mich 470, 476; 518 NW2d 808 (1994). Likewise, the tribunal's decision was not contrary to law and was not based on wrong principles. See *Michigan Allied Dairy Ass'n v State Bd of Tax Administration,* 302 Mich 643, 651; 5 NW2d 516 (1942) (milk bottles and cans used in dairies "come within the agricultural producing and industrial processing exemptions"); *Saginaw Co Agricultural Society v Saginaw,* 142 Mich App 173, 177-178; 368 NW2d 878 (1984) (limited nonqualifying use does not defeat tax exemption). Compare OAG, 1989-1990, No 6586, pp 143-144 (June 13, 1989). The correctness of the tribunal's conclusion is confirmed by the 1993 amendment of the exemption statute, MCL 211.9(j); MSA 7.9(j). 1993 PA 273. See *Detroit v Walker,* 445 Mich 682, 697; 520 NW2d 135 (1994).

Affirmed.