# STATE OF MICHIGAN

# COURT OF APPEALS

LEWIS R. HARDENBERGH, JOHN T.
HARDENBERGH, THOMAS R.
HARDENBERGH and DOROTHY R.
WILLIAMSON,

UNPUBLISHED
November 24, 2015

        Petitioners-Appellants,

v

No. 322605
Tax Tribunal
LC No. 00-461514

COUNTY OF MANISTEE,

        Respondent-Appellee.

Before: METER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

This case involves a dispute regarding the taxation of petitioners' lake-front property. The Michigan Tax Tribunal (MTT) issued a final opinion and judgment denying petitioners a principle residence exemption (PRE), MCL 211.7cc(1), and rejecting petitioners' equitable-estoppel defense. Petitioners appeal as of right. We affirm.

The property at issue (subject parcel) is owned by petitioners—four siblings—and is classified as residential. Built on the subject parcel is a cottage occupied by a caretaker of the "Hardenbergh properties," a "house" occupied by family members between May and November, and other structures, such as garages and sheds. The subject parcel is contiguous to another parcel (dwelling parcel), which has been owned by petitioner Lewis Hardenbergh since at least 2005.

Petitioners received the subject parcel as a result of their mother's death in 2006. When petitioners received the subject parcel, they applied to Onekama Township for a PRE. According to the hearing referee's proposed opinion and judgment, there was "no question" petitioners consulted with David Meister, the Township Supervisor and Assessor, in connection with the application for the PRE. According to the proposed opinion and judgment, Meister consulted with "the officials at Respondent" and told petitioners that they could claim an 85%

-1-

PRE for the subject parcel.[1]  The Township granted a partial 85% PRE for the subject parcel, as it considered a portion of the land occupied within the meaning of the PRE statute, but granted the exemption for the remaining land.  However, after an audit was conducted under MCL 211.7cc(10), respondent, Manistee County, denied the subject parcel's PRE for the years 2010 to 2013 because, while the subject parcel was contiguous to a qualifying home, the subject parcel "has habitable dwellings on it."  As a result, respondent issued a tax bill for the years 2010 to 2012 plus interest in the amount of $80,384.94, which petitioners paid in full, and increased the 2013 tax bill by $19,415.00.  Petitioners alleged that without the exemption, they would have divided the subject property into different taxable parcels, separating the vacant portions from the occupied portions of the property.

Petitioners filed an appeal in the MTT, arguing that respondent's denial of the PRE was erroneous because the buildings on the subject parcel were "unoccupied" for purposes of the definition of a "principle residence" under MCL 211.7dd(c).  Alternatively, petitioners argued that the denial was erroneous because Assessor Meister properly applied a partial 85% PRE pursuant to MCL 211.7cc(16) and respondent should be estopped from asserting a contrary interpretation of the statutes.  Before this matter went to hearing, petitioners also asserted that due to "qualified error," MCL 211.7cc(32)(c); MCL 211.53b(10), they were eligible for a waiver of the interest under MCL 211.7cc(21) and (8), and that the "local assessor" has agreed with the waiver.  The hearing referee rejected petitioners' arguments in its proposed opinion and judgment, concluding that the subject parcel was "occupied" pursuant to MCL 211.77dd(c) and that the MTT lacked equitable powers sufficient to consider petitioners' equitable estoppel claim.  Regarding whether the interest was properly charged for the tax years 2010 to 2012, the hearing referee concluded in a footnote that the issue was one for the Department of the Treasury and was not ripe for consideration.

Petitioners filed exceptions to the proposed opinion and judgment.  Assuming for purposes of argument that buildings on the subject parcel were "occupied," petitioners argued that the hearing referee failed to consider whether MCL 211.7dd(c) and MCL 211.7cc(16) allowed for a partial PRE with respect to a parcel contiguous to a principal residence parcel, and that Assessor Meister's conclusion in that regard is entitled to deference.  Petitioners also argued that the MTT has the authority to consider petitioners' equitable estoppel claim.  The MTT rejected petitioners' claims.

I.  MCL 211.7dd(c) AND MCL 211.7cc(16)

Petitioners argue that MCL 211.7cc(16) allows a partial PRE to be applied to the portion of the contiguous parcel that is "unoccupied" pursuant to MCL 211.7dd(c).

---

[1] In their exceptions to the referee's proposed opinion and judgment, petitioners claimed that Meister met with other township officials, including the County Equalization Director, Peggy Falk.  The MTT never expressly ruled on this exception.  On appeal, the parties dispute whether Falk gave any advice.  We are not as concerned with this discrepancy as are the parties, because the precise individuals with whom petitioners spoke are not pertinent to our resolution of any of the issues.

Petitioners argue that the MTT misapplied the law. Review of decisions by the Tax Tribunal is limited. *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007); *Drew v Cass Co*, 299 Mich App 495, 498-499; 830 NW2d 832 (2013). "When fraud is not alleged, appellate courts are limited in their review of MTT decisions to determining whether the tribunal made an error of law or adopted a wrong principle." *Wayne Co v Michigan State Tax Com'n*, 261 Mich App 174, 186; 682 NW2d 100 (2004). See also Const 1963, art 6, § 28. In *Drew*, 299 Mich App at 499, we stated that while we afford "the most respectful consideration" to the MTT's interpretation of statutes the agency is charged with executing, "an agency's construction of a statute is not binding on the courts and cannot conflict with the Legislature's intent as expressed in clear statutory language." Questions of law, including the proper application and interpretation of tax statutes, are reviewed de novo. *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006).

"The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 76; 780 NW2d 753 (2010). Legislative intent "to grant an exemption from the taxing power of the State will never be implied from language which will admit of any other reasonable construction." *Menard, Inc v Dep't of Treasury*, 302 Mich App 467, 474; 838 NW2d 736 (2013) (citations and quotation marks omitted). In light of the "well-settled principle that, when a specific privilege or exemption is claimed under a statute, . . . it is to be construed strictly against the property owner and in favor of the public," an intention to grant an exemption must be expressed in "clear and unmistakable terms, or must appear by necessary implication from the language used[.]" *Id*. (citations and quotation marks omitted). This is particularly true in the context of tax exemptions, which "will be strictly construed" and must be determined "beyond reasonable doubt." *Id*. (citations and quotation marks omitted).

Michigan's PRE, which is also referred to as the "homestead exemption," is governed by MCL 211.7cc and MCL 211.7dd of the General Property Tax Act (GPTA), MCL 211.1, *et seq*. *Drew*, 299 Mich App at 500. "The Legislature has declared that '[a] *principal residence* is exempt from the tax levied by a local school district for school operating purposes to the extent provided under . . . the revised school code . . . if an owner of that principal residence claims an exemption as provided in this section.' " *EldenBrady v Albion*, 294 Mich App 251, 256; 816 NW2d 449 (2011), quoting MCL 211.7cc(1) (emphasis added by the *EldenBrady* Court). "Principle residence" is defined under MCL 211.7dd(c), which states in relevant part:

> "Principal residence" means the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established. Except as otherwise provided in this subdivision, principal residence includes only that portion of a dwelling or unit in a multiple-unit dwelling that is subject to ad valorem taxes and that is owned and occupied by an owner of the dwelling or unit. *Principal residence also includes all of an owner's unoccupied property classified as residential that is adjoining or contiguous to the dwelling subject to ad valorem taxes and that is owned and occupied by the owner.* [Emphasis added.]

*EldenBrady* concluded from the text of that provision that in order to receive the PRE, petitioners are "required to prove by a preponderance of the evidence that their . . . parcel (1) was classified as residential, (2) was adjoining or contiguous to their dwelling, and (3) was "unoccupied.' " 294 Mich App at 557, citing MCL 211.7dd(c).[2]

Petitioners contend that MCL 211.7cc(16) provides for a partial PRE with respect to the subject parcel that is contiguous to the dwelling parcel. That statute states:

> Except as otherwise provided in subsection (30), if the principal residence is part of a unit in a multiple-unit dwelling or a dwelling unit in a multiple-purpose structure, an owner shall claim an exemption for only that portion of the total taxable value of the property used as the principal residence of that owner in a manner prescribed by the department of treasury. *If a portion of a parcel for which the owner claims an exemption is used for a purpose other than as a principal residence, the owner shall claim an exemption for only that portion of the taxable value of the property used as the principal residence of that owner in a manner prescribed by the department of treasury.* [Emphasis added.]

The parties agree that these statutes must be read together. See *Robinson v City of Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010). Petitioners view MCL 211.7dd(c) as defining "principal residence" as an owned and occupied "dwelling" *and* the dwelling owner's unoccupied, residential, and contiguous "property." Stated differently, petitioners conclude that "principal residence" becomes one blended category of property that may include the "dwelling," i.e., "the 1 place where an owner of the property has his or her true, fixed, and permanent home," *and* "all of an owner's unoccupied property . . . contiguous to the dwelling . . . ." MCL 211.7dd(c). Based on the inclusion of the contiguous parcel within the category of "principal residence," petitioners then conclude that MCL 211.7cc(16) provides a PRE for the "*portion* of the taxable value of the property used as the principal residence of that owner."

We appreciate that our Legislature has defined "principle residence" as both "the 1 place where an owner of the property has his or her true, fixed, and permanent home" and the "owner's unoccupied property . . . contiguous to the dwelling." MCL 211.7dd(c). See *Tryc v Mich Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996) (citations omitted) (stating that a term's statutory definition controls). However, as respondent argues, under MCL 211.7cc(16), the exemption only applies where a portion of a parcel is actually "used as a principle residence" by "that owner" claiming the PRE. It follows that, with respect to contiguous parcels, the owner must "use" the contiguous parcel, pursuant to MCL 211.7cc(16), as "unoccupied property," pursuant to MCL 211.7dd(c). In other words, respondent does not too narrowly read the definition of "principal residence" under MCL 211.7dd(c). Instead, in order to conclude that a

---

[2] The parties stipulated to the fact that the subject parcel is classified as residential and is contiguous to petitioner Lewis' dwelling parcel. Thus, those elements of petitioners' claim are not in dispute. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 385; 741 NW2d 61(2007) (stating that "[w]hen the parties stipulate a set of facts, the stipulated facts are binding on the court. . . .").

parcel contiguous to a principal residence parcel is part of the "principal residence" entitled to the PRE, the contiguous parcel has to be "unoccupied" in the first instance pursuant to MCL 211.7dd(c). As a result, where contiguous, but separate, parcels are at issue, the apportionment provision under MCL 211.7cc(16) will not apply such that there will be possible "partial PREs" based on occupied and unoccupied portions of the contiguous parcel.[3]

"Given that our ability to review decisions of the MTT is very limited and that statutes exempting persons or property from taxation must be narrowly construed in favor of the taxing authority," *Drew*, 299 Mich App at 503, the MTT did not err in concluding that MCL 211.7dd(c) and MCL 211.7cc(16) do not allow a partial PRE in this case where the contiguous subject parcel was not wholly "unoccupied." In short, MCL 211.7dd(c) contemplates that property is either occupied or unoccupied; the plain language of the statute does not lend itself to a construction where there can be a middle ground of a partial PRE. Indeed, this conclusion is consistent with the long-held principle that tax exemptions must not be found where "any other reasonable construction" is possible. *Menard, Inc*, 302 Mich App at 474 (citations and quotation marks omitted).[4]

## II. MTT'S EQUITABLE POWERS

Petitioners argue that the MTT erred in failing to address the equitable estoppel claim on the basis that the MTT lacks equitable power to consider such a claim.

This issue involves questions regarding the MTT's jurisdiction and the application of equitable estoppel. Jurisdiction is a legal question that is reviewed de novo. See *WA Foote Mem Hosp v Dep't of Pub Health*, 210 Mich App 516, 522; 534 NW2d 206 (1995). "When reviewing equitable actions, this Court employs review de novo of the decision and review for clear error of the findings of fact in support of the equitable decision rendered." *Webb v Smith*, 204 Mich App 564, 568; 516 NW2d 124 (1994).

---

[3] Contrary to petitioners' assertions, this construction does not leave the last sentence of MCL 211.7cc(16) without meaning. See *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012) (stating that courts must "avoid an interpretation that would render any part of the statute surplusage or nugatory") (citation and quotation marks omitted). Where only one parcel is at issue, the statutes, read together, could allow a partial PRE where there are multiple buildings on the parcel. The exemption would apply to the portion of the parcel that included the "1 place where an owner of the property has his or her true, fixed, and permanent home" and to any unoccupied property on that parcel adjoining the dwelling, MCL 211.7dd(c), but not to portions of the property that are used for purposes other than a "permanent home."

[4] In light of our conclusion that MCL 211.7dd(c) and MCL 211.7cc(16) do not allow a partial PRE in this case where the contiguous subject parcel was not wholly "unoccupied," we need not address respondent's alternate ground for affirmance, which is that petitioners' joint ownership of the contiguous subject parcel defeats a partial PRE because only petitioner Lewis owns the dwelling parcel.

Petitioners assert the principle that "the State as well as individuals may be estopped by its acts, conduct, silence, and acquiescence is established by a line of well adjudicated cases . . . ." *Oliphant v State of Mich*, 381 Mich 630, 638; 167 NW2d 280 (1969) (holding in favor of the plaintiffs that they were "innocent purchasers" regarding a conveyance of land due to the state's representations of good title). See also *Spoon-Shacket Co v Oakland Co*, 356 Mich 151, 154-156; 97 NW2d 25 (1959) (holding that an assessor's actions constituted constructive fraud in assessing vacant lots at the same value as lots improved with new homes, granting the tax payers relief, even though they failed to seek prior review of their claim by the Board of Review); *Fisher v Muller*, 53 Mich App 110, 126-127; 218 NW2d 821 (1974) (holding that the county and "tax assessing authorities" were equitably estopped from enforcing a tax lien by a sale where the landowner received a negative response to his inquiry regarding tax liability and the assessing officers did not notify the landowners that a statement listing their real property holdings was required).

However, those cases did not address the precise question at issue, which is whether the MTT has sufficient equitable powers to entertain petitioners' defense. Indeed, the cases mentioned above involve claims initially filed in trial courts, not administrative agencies, such as the MTT. Further, in *Marie De Lamielleure Trust v Dep't of Treasury*, 305 Mich App 282, 287-288; 853 NW2d 708 (2014), this Court recently made clear that the line of cases upon which petitioners in this case rely, see *id*. at 288 n 3 (observing the petitioner's reliance on *Spoon-Shacket Co* and *Oliphant*), does not support the conclusion that the MTT has equitable authority. Specifically, this Court opined:

> Petitioner cites three cases for the proposition that respondent should be estopped from assessing taxes that were not previously assessed because of respondent's errors. However, these cases do not deal with the statutory scheme set forth in MCL 211.7cc, which addresses the procedures for claiming and rescinding a PRE. Also, the express powers of the Tax Tribunal are those authorized by statute, and the Tribunal has not been invested with equitable powers. [*Id*.]

Accordingly, based on the fact that petitioners' argument seems to be based on an application of caselaw found to be inapplicable to a similar situation in *Marie De Lamielleure Trust*, the MTT correctly concluded that it lacked equitable power to pass on petitioners' argument that respondent is estopped from arriving at an interpretation of MCL 211.7dd(c) and MCL 211.7cc(16) that is different from Assessor Meister's guidance. This Court need not address this issue further.

### III. WHETHER THE SUBJECT PARCEL WAS "UNOCCUPIED"

Petitioners argue that the subject parcel was "unoccupied" in accordance with MCL 211.7dd(c) because the human inhabitance of the subject parcel was merely incidental. While petitioners may have raised this issue in their petition, in filing their exceptions to the hearing referee's proposed opinion and judgment, petitioners did not directly refute the hearing referee's conclusion the subject parcel when considered as a whole did not qualify as unoccupied for purposes of MCL 211.7dd(c). As such, the MTT did not expressly decide the matter. Accordingly, it does not appear that this issue was fully preserved. See *Forest Hills Co-*

-6-

*operative v Ann Arbor*, 305 Mich App 572, 586; 854 NW2d 172 (2014). Review of an unpreserved error "is limited to determining whether a plain error occurred that affected substantial rights." *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008) (citation omitted). However, "this Court may consider an unpreserved issue if the question is one of law and all the facts necessary for its resolution have been presented . . . ." *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 518; 847 NW2d 657 (2014) (citation and quotation marks omitted).

"In order to qualify for a principal residence exemption under the third sentence of MCL 211.7dd(c), property need only be 'unoccupied'—not 'vacant.' " *EldenBrady*, 294 Mich App at 257. "[T]he statutory language merely requires that the contiguous property be *unoccupied*, i.e., without human occupants," and "an occupant is a tenant or a resident." *Id*. at 259 (emphasis added by the *EldenBrady* Court). Accordingly, the hearing referee aptly concluded that more is required than the mere presence of the buildings on the subject parcel in order to conclude that it is "occupied" for the purposes of MCL 211.7dd(c). Here, we believe that the question of whether the apparent vacation-use of the subject parcel by petitioners' relatives would mean that the parcel was "occupied" is debatable. However, the parties' stipulated facts expressly provided that the subject parcel "includes a cottage *occupied* by a person who serves as a caretaker of the Hardenbergh properties" and there is no basis in the record for anything other than the conclusion that caretaker occupied the cottage at issue. In fact, petitioners make no argument that the cottage inhabited by the caretaker is not fit for habitation or is not used as the caretaker's residence. Based on the caretaker's stipulated occupation of the subject parcel, there is no merit to any argument that the subject parcel was not "occupied" under *EldenBrady*, 294 Mich App at 259.

Rather than contesting whether the caretaker "occupied" the cottage in the traditional sense of the word, petitioners assert that the caretaker's use of the subject parcel was "incidental" and thus cannot destroy the claimed exemption. Essentially, petitioners attempt to inject an "incidental use" exception into MCL 211.7dd(c) and argue that this alleged "incidental use" by the caretaker should defeat any finding that the caretaker occupied the subject parcel. In support of this proposition, petitioners cite *Berlin v Gaines Twp*, 130 Mich App 337, 341; 343 NW2d 544 (1983), a case in which this Court considered a tax exemption for burial grounds. *Berlin* held that, based on the applicable statutory language and intent of the statute, a parcel of land made available for future grave sites is "either exempt in its entirety or not exempt at all[.]"[5] *Id*.

---

[5] *Berlin* acknowledged that "charitable-use exemption cases allow apportionment based on language that buildings and other property located on the real property are exempt if they are occupied 'solely for the purposes for which they were incorporated,' " but pointed out that the text of the burial exemption and its purpose differs. *Id*. at 343-344, quoting *Hosp Purchasing Serv of Mich v City of Hastings*, 11 Mich App 500, 508; 161 NW2d 759 (1968). See also *Gull Lake Bible Conference Ass'n v Ross Twp*, 351 Mich 269, 273-274; 88 NW2d 264 (1958) (addressing the charitable-use tax exemption). *Berlin* noted that courts are "[i]nclined toward liberality in construing this exemption because of the expressed policy we have in common with the universal sentiment of mankind, to preserve and maintain the burial places of the dead." *Id*.

at 343. Ultimately, *Berlin* determined that the caretaker's use of a house on the subject property was "not incidental," because the caretaker's duties with respect to the seven old burial plots was minimal and the house had long been used as a residence before the lot was designated a burial ground, thus negating the parcel's tax exempt status. *Berlin*, 130 Mich App at 344.

Petitioners also rely on *Saginaw Co Agricultural Society v Saginaw*, 142 Mich App 173, 175; 368 NW2d 878 (1984), which addressed an exemption for property owned by a state, county, or district agricultural society and used "exclusively for fair purposes" under MCL 211.7w.[6] This Court held that "tax exemption for property owned by agricultural societies is not lost by virtue of occasional or incidental uses for other purposes." *Id*. at 178.

The cases cited by petitioners are distinguishable in that they deal with subject-specific rationale and different statutes. For instance, the line of cases addressing the exemption for cemeteries includes an underlying theme that liberal construction is necessitated by the particular need for burial grounds. That subject-specific rationale should not be applied in this case over the general rule that exemptions should be narrowly construed. See *Mernard, Inc*, 302 Mich App at 474. And, the cases petitioners cite still make clear that the focus is on the text of the statute that provides the exemption that is at issue. In this case, the pertinent statute only considers whether the property was "occupied." MCL 211.7dd(c). Thus, petitioners' "incidental use" argument lacks merit.

In sum, in light of the parties' stipulated facts regarding the caretaker's occupancy of the subject parcel and that petitioners' "incidental use" argument lacks merit, holding that the subject parcel was "occupied" pursuant to MCL 211.7dd(c) does not result in plain error affecting substantial rights.

## IV. "QUALIFIED ERROR" AND WAIVER OF INTEREST

Petitioners argue that a "qualified error" occurred, and interest was incorrectly assessed on the amounts due as a result of the retroactive PRE denial for the years 2010 to 2012. However, petitioners did not raise this issue in their petition or in filing exceptions to the proposed opinion and judgment, and the MTT did not address this issue. Thus, this issue is not preserved. See *Forest Hills Co-operative*, 305 Mich App at 586.

While not properly preserving this issue for our review, petitioners did raise the issue in a pre-hearing memorandum. The hearing referee briefly noted that this issue was to be answered by the Department of Treasury and was not ripe for consideration by the MTT. The hearing referee apparently arrived at that conclusion by construing MCL 211.7cc(8), 211.7cc(21), 211.7cc(32)(c), and 211.53b(10). These statutes govern, in part, circumstances amounting to "qualified error," giving the Department of Treasury the ability to deny a PRE for the past three years, and the process for waiving interest on retroactively-denied PRE claims. Several months after filing their petition in this case, petitioners filed a subsequent petition in the MTT raising

_____

(citations and quotation marks omitted). See also *Petition of Gundry*, 333 Mich 700, 703-704; 53 NW2d 586 (1952).

[6] The statute has since been amended to exempt property used "primarily for fair purposes."

this same issue. Within that proceeding, petitioners presented a letter from the Department of Treasury rejecting petitioners' request that interest be waived.

Because this Court may not have all the facts and proofs necessary to resolve this issue, see *Wells Fargo Bank*, 304 Mich App at 518 (stating that "this Court may consider an unpreserved issue if the question is one of law and all the facts necessary for its resolution have been presented") (citation and quotation marks omitted), we decline to address this unpreserved issue. See *Attorney General v Pub Serv Comm*, 136 Mich App 52, 56; 355 NW2d 640 (1984) (stating that "[f]ailure by a party to file exceptions to the proposal for decision in a timely manner constitutes a waiver of any objections not raised") (citation and quotation marks omitted).[7]

## V. CONCLUSION

In sum, we affirm the MTT's narrow interpretation of MCL 211.7dd(c) and MCL 211.7cc(16) and hold that the MTT correctly determined that it lacked sufficient equitable power to consider petitioners' claim of equitable estoppel. Further, while there is sufficient development of the record to reject petitioners' unpreserved claim that the subject parcel was not "unoccupied" for purposes of MCL 211.7dd(c), we decline to address the additional unpreserved argument relating to the waiver of interest based on "qualified error" under MCL 211.7cc(8), 211.7cc(21), 211.7cc(32)(c), and 211.53b(10).

Affirmed.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Jane M. Beckering

---

[7] In addition, this attempt to litigate the interest issue against the Department of Treasury appears, from the limited record available on this matter, improper, because it involves a separate action and a party not named in the instant action.